UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN E. POPE, et al.,<br><br>                Plaintiffs,<br>    v.<br><br>SPOKANE SCHOOL DISTRICT NO. 81, et al.,<br><br>                Defendants. | CASE NO. C21-1079-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter comes before the Court on a Motion to Remand to King County Superior Court filed by Plaintiffs Kathleen E. Pope and Richard L. Pope, Jr. Dkt. 32. Plaintiffs' claims in this civil matter relate to the education and care of Ms. Pope, Mr. Pope's developmentally disabled, now adult-aged daughter. Dkt. 1-2.

Defendants Department of Children, Youth and Families (DCYF) and Department of Social and Health Services (DSHS) (collectively "State Defendants"), Excel Supported Living, Inc. and Xcel Supported Living, Inc. (collectively "Excel"), Spokane School District No. 81 (Spokane), Mead School District No. 354 (Mead), Bellevue School District No. 405 (Bellevue), and Michael Henry oppose the motion. Dkts. 41-43, 44-45. The Court, having considered the

REPORT AND RECOMMENDATION - 1

1  motion, submissions in favor and opposition, and relevant portions of the record, concludes
2  Plaintiffs' Motion to Remand, Dkt. 32, should be DENIED.

## BACKGROUND

Plaintiffs initiated this lawsuit with service of unfiled summons and complaints, serving State Defendants on June 14, 2021, Spokane on July 16, 2021, and Mead on July 20, 2021. Dkts. 8-11. On August 12, 2021, Spokane filed a notice of removal with this Court, attaching the unfiled Summons and Complaint. Dkt. 1. Prior to filing the notice, Spokane obtained consent to removal from the Defendants it could ascertain had also been served, including State Defendants and Mead, as well as from Bellevue, who had not yet been served, but was represented by the same counsel as Mead. Dkt. 43, ¶¶2.3-2.4.

In the notice, Spokane identified the basis for removal as the inclusion of claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. Dkt. 1 (also describing state law claims). Spokane included information regarding case filing and service, stating that, at the time of removal, the matter had not been filed in superior court; that, to Spokane's knowledge, Bellevue and the individual Defendants, including Mr. Henry, Spring Shoupe, Deb Inglehart, Kelsey White, and Arnold Brown, had not yet been served; and that it was unknown whether Excel had been served. *Id*. at 3; Dkt. 1-4, ¶¶4-7.

Plaintiffs filed the lawsuit in King County Superior Court on August 23, 2021 and served Excel the following day. *See* Dkts. 26-27. All of the remaining Defendants waived service of summons in this Court in August and September 2021. Dkts. 16-20, 38. On September 8, 2021, Spokane filed a copy of the notice of removal in King County Superior Court. *See* Dkt. 44 at 3. *See also Pope v. Spokane School Dist. 81*, 21-2-11138-2-SEA. Later that same month, Excel filed a consent to the removal. Dkt. 35.

DISCUSSION

A.  Removal Rules and Standards

As a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant seeking to remove a civil action must file a notice of removal in the district court where the state action is pending. § 1446(a). The notice must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant" if the complaint was filed in court and is not required to be served on the defendant. § 1446(b)(1).

When removed solely under § 1441(a), the "rule of unanimity" requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." § 1446(b)(2)(A). Further:

> Promptly after the filing of such notice of removal . . . the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

§ 1446(d).

The removing defendant must also file, in this Court, a copy of the operative complaint contemporaneously with the notice of removal and, within fourteen days of filing the notice, "copies of all additional records and proceedings in the state court, together with defendant's or defense counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding." LCR 101(b)-(c); *see also* 28 U.S.C. § 1447(b)

(district court may require moving party to file copies of all records and proceedings in state court). The copies need not be certified or exemplified by the state court and the removing party need not refile records and proceedings filed with the notice of removal. LCR 101(c).

A plaintiff may, pursuant to 28 U.S.C. § 1447(c), challenge removal based on procedural defects and move to remand a case to state court within thirty days after the filing of the notice of removal. *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003). The party seeking removal has the burden of proving that federal jurisdiction exists, and the removal statute is strictly construed against removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Any doubts as to federal jurisdiction are resolved in favor of remanding a case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, the Court lacks discretion to remand a case to state court if the case was properly removed. *See Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds as stated in Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 & n.6 (9th Cir. 2001).

A case may be removed to federal court only after it is commenced in state court. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005). "A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court." *Id.* (citing, *inter alia*, *Herb v. Pitcairn*, 324 U.S. 117 (1945)). Under the Washington Superior Court Civil Rules (CR), "a civil action is commenced by service of a copy of a summons together with a copy of the complaint . . . or by filing a complaint." CR 3(a); *see also Seattle Seahawks, Inc. v. King Cty.*, 128 Wn.2d 915, 913 P.2d 375, 376 (1996) ("CR 3 clearly and unmistakably provides that an action is commenced today by service of a summons or by the filing of a complaint.") (cleaned up).

1    A defendant may, after service, demand in writing that a plaintiff file the summons and
2 complaint in state court. CR 3(a). If a plaintiff fails to file the summons and complaint within
3 fourteen days after service of a written demand, service of the complaint is void. *Id*. However,
4 the fourteen-day period applies only if a defendant formally serves a plaintiff a written demand
5 to file. *See Hutchinson v. Garrison Prop. & Cas. Ins. Co.*, C18-0656-RSM, 2018 WL 2981130
6 at *2-3 (W.D. Wash. Jun. 14, 2018) (CR 3(a) never triggered where defendant did not make a
7 written demand to file). Also, if an action is commenced by service, a plaintiff must file the
8 summons and complaint within ninety days from the date of that service in order to preserve
9 tolling of the statute of limitations under RCW 4.16.170.

10    Under Washington law, state courts have jurisdiction over cases "from the time of
11 commencement of the action by service of summons, or by filing of a complaint[.]" RCW §
12 4.28.020. A state court therefore acquires jurisdiction over a matter upon the service of a
13 summons and complaint. *See Seattle Seahawks*, 913 P.2d at 376. That service and
14 commencement of a civil action also renders the matter removable. *See, e.g., Dustin v. Meridian
15 Fin. Servs.*, C17-1087-JCC, 2017 WL 3773714 at *3 (W.D. Wash. Aug. 31, 2017) ("Filing a
16 lawsuit in state court is not a condition precedent to its removal to federal court. . . . Under
17 Washington law, a defendant's 30 day clock for filing [a] notice of removal begins either when
18 she is served with [a] summons and complaint, or when the complaint is filed in state court[.]");
19 *Melvin v. Kingsolver*, C12-5401-RJB, 2012 WL 13026632 at *3 (W.D. Wash. Jun. 12, 2012)
20 ("According to state law [service of a summons and complaint] commenced the action and it was
21 subject to removal. . . . There is nothing in the removal statute that requires a state court filing as
22 a prerequisite to filing a notice of removal.").
23    ///
24

B.       Plaintiffs' Motion to Remand

Plaintiffs commenced this lawsuit with service of the summons and complaint. CR 3(a). Spokane's thirty-day clock for filing a notice of removal began on July 16, 2021, the day it was served and Spokane was "notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Spokane's notice of removal, filed on August 12, 2021, fell within the thirty-day removal period. 28 U.S.C. § 1446(b).

Plaintiffs contend the removal was nonetheless procedurally defective for any one of three reasons. First, Plaintiffs argue the removal was improper under the § 1446(b)(2)(A) rule of unanimity because Spokane failed to obtain Excel's consent prior to removal. Second, Plaintiffs point to State Defendants' Answer as including affirmative defenses of an absence of subject matter jurisdiction and Eleventh Amendment immunity and as raising doubt as to the existence of federal jurisdiction and State Defendants' consent to removal. Third, Plaintiffs assert the removal is defective under LCR 101(c) and 28 U.S.C. § 1447(b) because Spokane did not file a verified copy of the state court pleadings in this Court within fourteen days of the notice of removal and has not satisfied that requirement to this day.[1] The Court, for the reasons set forth below, does not find any basis for remand.

       1.       Excel's Consent to Removal:

Plaintiffs assert that federal and state courts have concurrent jurisdiction over a lawsuit after a notice of removal is filed in federal court, but before a copy of the notice is filed with the state court, *see, e.g.*, *Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st Cir. 1975), and that the

---

[1] In their reply, Plaintiffs clarify they "are NOT seeking remand based on . . . tardy compliance with 28 U.S.C. § 1446(d)[,]" which requires the filing of a copy of the notice of removal in state court. Dkt. 46 at 9 (emphasis in original).

REPORT AND RECOMMENDATION - 6

propriety of removal is determined at the time the copy of the notice is filed, c*f. Hampton v. Union Pac. R. Co.*, 81 F. Supp. 2d 703, 704-07, nn. 5-6 (E.D. Tex. 1999) ("'[R]emoval is not effective until all the steps required by the federal statute have been taken by the defendant.'") (quoted source omitted). They argue that, in this case, the state court had concurrent jurisdiction until Spokane's September 8, 2021 filing of a copy of the removal notice, that their earlier, August 24, 2021 service on Excel was valid, that the propriety of removal must be measured by the September 8, 2021 filing, and that, as a result, Spokane was required to obtain Excel's consent in order for the removal to be valid. Plaintiffs maintain that, because Excel did not provide their consent to removal until September 22, 2021, Spokane violated the rule of unanimity and remand is required.

Plaintiffs' argument lacks merit. The removal statute required that Spokane, as a served defendant, file any notice of removal in this Court within thirty days of service. 28 U.S.C. § 1446(b)(1). If not filed within the thirty-day window, the removal would have been denied as untimely and the case subject to remand. *Dustin*, 2017 WL 3773714 at *2-3 (finding notice of removal untimely because the removal clock began running when the defendant was served with a summons and complaint, not when the action was subsequently filed in state court).

The removal statute also required, pursuant to § 1446(b)(2)(A), that all defendants "'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988)). Only the defendants served *at the time of the removal petition* must join in or consent to removal. *Emrich*, 846 F.2d at 1193 n.1 (stating that, while ordinarily all but "nominal, unknown or fraudulently joined parties" must join in a petition for removal, that general rule applies "only to defendants properly joined and served in the action.") (citing *Salveson v.*

*Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal)). *See also Destfino*, 630 F.3d at 956-57 (adding that, if all properly served defendants did not join in the petition for removal, a district court may "allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment.") (citation omitted); *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

In this case, at the time Spokane's deadline for removal expired, there was no state court proceeding in which to file a copy of the notice of removal and Excel was not a properly joined and served defendant. Spokane was not required to initiate the state court proceeding, either by making a written demand under CR 3(a) or by submitting a state court filing fee so that a copy of the notice of removal could be filed in state court. *Dwyer v. Trinity Fin. Servs., LLC*, C20-1236-JLR-MAT, 2020 WL 7647047, at *3 (W.D. Wash. Nov. 17, 2020), *report and recommendation adopted*, 2020 WL 7646894 (Dec. 23, 2020). *See also Alderson v. Delta Air Lines, Inc.*, C18-1374-JLR, 2018 WL 5240811 at *1-2 (W.D. Wash. Oct. 22, 2018) (where defendant never made a written demand under CR 3(a), the fourteen-day period did not apply, the action was ripe for removal and "[t]he time period for removal was triggered by service of the summons and complaint, regardless of the fact [the plaintiff] never filed [the] complaint in state court."); *Melvin*, 2012 WL 13056632 at *4 (finding notice of removal untimely because it was filed more than thirty days after service of the summons and complaint, and observing: "Nothing in the Washington court rules or the removal statute, 28 U.S.C. § 1446, prohibits a defendant from

serving the plaintiff a notice of removal together with a written demand that the summons and complaint be filed with the appropriate state court. *Although not necessary to effectuate removal*, use of such a procedure would ensure the state court's awareness of removal.") (emphasis added). Nor, given its thirty-day removal deadline, could Spokane have waited until Plaintiffs later served Excel.

This action became ripe for removal with service of the summons and complaint and was timely and properly removed within the thirty-day removal period and with the consent of all defendants properly joined and served at that time. The absence of earlier consent from Excel, served eight days after Spokane's deadline for removal expired, does not provide a basis for remand.

      2.      <u>State Defendants' Affirmative Defenses</u>:

Plaintiffs argue the impropriety of removal due to the fact State Defendants asserted an absence of subject matter jurisdiction and immunity under the Eleventh Amendment in their Answer to the Complaint. *See* Dkt. 5. They contend these affirmative defenses raise doubt as to both the existence of federal jurisdiction and State Defendants' consent to removal.

State Defendants included some seventeen affirmative defenses in their Answer, filed in this Court on August 18, 2021. *Id*. at 17-19. In opposing the motion to remand, State Defendants explain they erroneously denied subject matter jurisdiction, stating this was in reference to the state superior court and the result of human error. Dkt. 41 at 3. They note their consent to the removal, *see* Dkt. 1 at 5, waive the affirmative defense, and consent to this Court's jurisdiction, *see* Dkt. 41 at 3.

Plaintiffs respond that State Defendants could not have intended an Eleventh Amendment immunity defense in relation to the superior court. That is, while the Eleventh Amendment

REPORT AND RECOMMENDATION - 9

would preclude federal jurisdiction absent consent, *see Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618-19 (2002), State Defendants are subject to jurisdiction in superior court, Wash. Const. Art. II, § 26; RCW 4.92.010.  Plaintiffs argue remand is necessary because State Defendants did not withdraw their affirmative defense until their October 1, 2021 response to the motion to remand, Dkt. 46 at 7, well after Spokane's thirty-day removal deadline.

The Court does not agree these circumstances support remand.  By joining in the removal of a case to federal court, a State voluntarily invokes the federal court's jurisdiction and waives its immunity under the Eleventh Amendment.  *Lapides*, 535 U.S. at 624 (finding waiver of immunity as to state law claims); *Embury v. King*, 361 F.3d 563, 566 (9th Cir. 2004) (extending *Lapides* to federal law claims and announcing "a straightforward, easy-to-administer rule in accord with *Lapides*: Removal waives Eleventh Amendment immunity.")  There is, in this case, no dispute that State Defendants consented to the removal of this matter by Spokane.  Neither their subsequent affirmative defenses, nor arguments later made alters the fact that State Defendants had already consented to this Court's jurisdiction and waived their Eleventh Amendment immunity.  The Court, as such, finds no doubt as to the existence of this Court's jurisdiction or State Defendants' consent to removal.

   3.   <u>Copies of State Court Records</u>:

Plaintiffs, finally, assert the removal of this matter was defective because Spokane did not file a verified copy of additional state court records and proceedings in this Court within fourteen days of filing the notice of removal and has yet to satisfy that requirement.  However, at the time Spokane filed the notice of removal, there was no superior court matter with records and proceedings that could have been filed in this Court.  Plaintiffs filed the complaint in the superior court eleven days after Spokane filed its notice of removal and Spokane only became aware of

that filing after the fourteen-day LCR 101(c) deadline had expired, *see* Dkt. 43 at 3-4.  Spokane did file a copy of the complaint contemporaneously with its notice of removal, *see* Dkt. 1, and indicates it will, at the Court's request, file copies of any additional documents included on the state court docket.

It is not clear what, if any, obligations LCR 101(c) imposes on a removing defendant where removal is accomplished prior to the filing of a complaint in state court.  In any event, and as Plaintiffs appear to concede, Dkt. 46 at 8, a procedural defect of this kind is curable and does not deprive the Court of jurisdiction or warrant remand.  *See, e.g., McLeod v. AMICA Gen. Agency*, C15-839-RAJ, 2015 WL 13145350, at *3-4 (W.D. Wash. Oct. 29, 2015) (citing cases from this Court finding the same).  *See also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (reversing remand order where defendant did not attach original complaint to its notice of removal and finding "'this *de minimis* procedural defect was curable' even 'after expiration of the thirty-day removal period.'") (quoted and cited sources omitted); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")  Accordingly, assuming Spokane's failure to file copies of additional state court records and proceedings is a procedural defect, the Court should direct Spokane to cure the defect by promptly filing verified copies of such documents in this Court.

## CONCLUSION

The Court, in sum, finds this matter properly removed and no basis for remand.  Plaintiffs' Motion to Remand, Dkt. 32, should be DENIED.  The Court should direct Spokane to cure any procedural defect by promptly filing in this Court verified copies of additional state court records and proceedings.

/ / /

REPORT AND RECOMMENDATION - 11

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 10, 2021**.

Dated this 19th day of November, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge