THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN E. POPE, *et al.*, | CASE NO. C21-1079-JCC-SKV |
| Plaintiffs, | ORDER |
| v. | |
| SPOKANE SCHOOL DISTRICT NO. 81, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' objections (Dkt. No. 112) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 101). Having thoroughly considered the R&R, the briefing, and the relevant record, and finding oral argument unnecessary in light of the previous argument before Judge Vaughan, the Court OVERRULES Plaintiffs' objections, ADOPTS the R&R, and GRANTS in part Defendants' motion for summary judgement (Dkt. No. 76) for the reasons explained below.

I.  **BACKGROUND**

The R&R sets forth the facts and procedural history of this case, which the Court will not repeat here. (*See* Dkt. No. 101 at 1–5.) Judge Vaughan recommends the Court GRANT in part and DENY in part Defendants' motion for summary judgment without prejudice. (Dkt. No. 101 at 26.) Plaintiffs object on the grounds that Judge Vaughan misapplied the caselaw. (Dkt. No.

63.)

## II. DISCUSSION

### A. Legal Standard

A party may seek dismissal on the basis that an opposing party has failed to exhaust administrative remedies on a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). In analyzing exhaustion, courts apply a burden-shifting framework. *Id.* at 1172. At the first stage, a defendant must show the availability of an administrative remedy that the plaintiff failed to exhaust. *Id.* If the defendant makes such a showing, the burden then shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable." *Id.* However, the "ultimate burden of proof" on summary judgment remains with the moving party. *Id*. Under this framework, summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A district court reviews *de novo* the portions of an R&R to which a party properly objects. *See* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommendations; receive further evidence; or return the matter to the magistrate judge with further instructions. *Id.* A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.*

Here, Plaintiffs rehash much of their original argument against summary judgement in

their objections to the R&R. (*Compare* Dkt. No. 87 at 9–12, 21–22, *with* Dkt. No. 112 at 9–11, 19.) Therefore, the Court will address only those objections which allege specific errors in the R&R.

**B.  IDEA**

Under the Individuals with Disabilities in Education Act ("IDEA"), states receive federal funding to provide disabled children with a free appropriate public education ("FAPE"). *See Fry v. Napoleon Comm'ty Schools*, 137 S.Ct. 743 (2017) (quoting 20 U.S.C. § 1401(29)). To provide a FAPE is to adhere to an individualized education plan ("IEP") and to provide special education and related services. 20 U.S.C. § 1401(9). An IEP is created by a child's "IEP Team," comprised of school staff and parents, and is a tool to track a student's academic achievements, yearly goals, and the special education and related services to be provided to achieve those goals. *Id.* at 749. "Related services" in an IEP include "developmental, corrective, and other supportive services . . . as may be required to assist a child with a disability to benefit from special education[.]" 20 U.S.C. § 1401(26)(A). Within a child's IEP is an Emergency Response Protocol ("ERP") which, in this case, outlined the "type of isolation, restraint, or restraint device(s)" that may be used for behavioral management of Ms. Pope, Plaintiffs' disabled daughter. (*See* Dkt. No. 84.)

Disputes arising under the IDEA are subject to the Act's formal procedure requirements, allowing an aggrieved party to log a complaint with a relevant local or state agency before the matter proceeds to a due process hearing. *Fry*, 137 S.Ct. at 749. At a due process hearing, an administrative officer will grant relief if they conclude that a child was denied a FAPE. *Id.* If a parent does not receive the relief they desire, they may appeal by filing for judicial review after exhausting administrative procedures. 20 U.S.C. § 1415(l). A suit that seeks relief under the IDEA, is a suit brought under any law that seeks relief for the denial of FAPE. *Fry*, 137 S.Ct. at 752. To determine if a suit seeks relief for denial of FAPE, courts look to the substance of a complaint and not to labels or artful pleading. *Id.* at 755.

Because the R&R found that Plaintiffs had not exhausted formal procedure requirements under the IDEA, and Plaintiffs make three specific objections to this finding, the Court now addresses the exhaustion requirement as it relates to Plaintiffs' federal and state law claims.

**C. Plaintiff's Objections**

    1. <u>Federal Law Claims</u>

Judge Vaughan found that the alleged violations of the ADA and the Rehabilitation Act were subject to IDEA exhaustion. (*See* Dkt. No. 112 at 9.) Plaintiffs dispute this finding. Specifically, according to Plaintiffs, Judge Vaughan (a) inappropriately applied the *Fry* test, and (b) inappropriately relied upon persuasive authority. (*Id*. at 9–18.)

    *a. Gravamen of the Complaint*

Judge Vaughan applied the *Fry* test and determined the gravamen of Plaintiffs' complaint to be a denial of FAPE. (*Id*.) Plaintiffs argue that Judge Vaughan incorrectly applied the *Fry* test by including an element of improbability. (*Id.* at 12.) This claim mischaracterizes Judge Vaughan's reasoning.

In *Fry*, the Supreme Court acknowledged that the label used to describe a violation may not alone indicate whether the gravamen of a complaint was a denial of FAPE. *See Fry*, 137 S.Ct. at 756. To help courts distinguish between complaints hinging on the denial of FAPE and complaints which instead address discrimination based on disability, the Supreme Court supplied the following test: "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor—have pressed essentially the same grievance?" *Id*. at 756–57.

Here, Plaintiffs' complaint most prominently challenges the departure from Ms. Pope's ERP instead of unfair treatment by Defendants, or the necessity of isolation or restraint by Defendants. (Dkt. No. 1-2.) For example, the complaint refers to the development of Ms. Pope's ERP, the authorized isolation and restraint methods detailed in the ERP, and Defendants'

conduct which "expressly violated the ERP." (*Id.* at 14, 15.) Applying the test from *Fry*, Plaintiffs could not have brought essentially the same claims. Should a child in a public library or an adult at Ms. Pope's school be subjected to isolation or restraint, these individuals would not have pressed essentially the same grievance—that they suffered injury from a violation of an ERP. An ERP is only available in a school setting for students with disabilities. *See Fry* at 756; *see J.M. v. Francis Howell Sch. Dist.*, 850 F.3d 944, 949-50 (8th Cir. 2017) (gravamen of complaint was denial of FAPE when an IEP was the central dispute of the litigation, and the complaint alleged use of isolation and restraint was outside parameters of student's IEP).

        Judge Vaughan properly applied the law on this matter, and Plaintiffs' assertion that the R&R improperly inserted "improbability" into the *Fry* test is unfounded. (*Compare* Dkt. No. 101 at 12, *with* Dkt. No. 112 at 12.) Accordingly, the Court FINDS that Judge Vaughan did not err in her conclusion that the gravamen of Plaintiffs' complaint is the denial of FAPE.

        b.  *Exceptions to IDEA Exhaustion*

        Judge Vaughan held that Plaintiffs' claims do not fall under the futility exception to exhaustion. Plaintiffs contend this conclusion is improperly supported by case law. (Dkt. No. 112 at 17.) This argument is unpersuasive.

        The Ninth Circuit recognizes exceptions to IDEA exhaustion "when: (1) use of the administrative process would be futile; (2) the claim arises from a policy or practice of general applicability that is contrary to law; or (3) it is improbable adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought)." *Student A ex rel. Parent A v. San Francisco Unified Sch. Dist.*, 9 F.4th 1079, 1083 (9th Cir. 2021). Plaintiffs assert that the first and third exception apply because they seek monetary damages which are not an available remedy under the IDEA. (Dkt. No. 112 at 115.) Therefore, Plaintiffs contend that the administrative process would be futile, and it is improbable that administrative remedies would provide adequate relief. *Id.* at 14. This argument fails on the merits because (1) the Ninth Circuit has rejected the contention plaintiffs are exempt from IDEA

1   exhaustion based on their request for compensatory damages, and (2) the mere unavailability of a
2   particular remedy does not "render the IDEA's administrative process inadequate." *D.D. ex rel.*
3   *Ingram v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1043, 1056 (9th Cir. 2021); *Hoeft v. Tucson*
4   *Unified Sch. District*, 967 F.2d 1298, 1309 (9th Cir. 1992). Instead, "the Court must ask whether
5   the administrative process is adequately equipped to address and resolve the issues presented."
6   *Hoeft*, 967 F.2d at 1309.
7       Here, a due process hearing under IDEA offers remedies such as compensatory education
8   to make up for denial of a FAPE, attorney fees, psychological services, physical and
9   occupational therapy, counseling services, behavioral services, and medical services. *Dowler,*
10  258 P.3d at 681. Furthermore, a hearing means development of a factual record, findings of fact
11  made by experts in the area of special education, and increases in the accuracy and efficiency of
12  any subsequent judicial proceedings. *See, e.g., N.R. and D.R. ex rel. N.R. v. Del Mar Unified Sch.*
13  *Dist.*, 2022 WL 4071910, slip op. at 2 (S.D. Cal. 2022). Therefore, the administrative process is
14  not futile nor is it ill-equipped to provide adequate relief in this instance.
15      Accordingly, the Court FINDS that Judge Vaughan did not err in her conclusion that the
16  futility exception to IDEA exhaustion is not applicable.
17              2.   State Law Claims
18      Plaintiffs allege that Judge Vaughan misapplied *Dowler* to conclude that exhaustion
19  applies to their IDEA-related state law claims. (Dkt. No. 112 at 19.) The court in *Dowler* held
20  that "parties are not required to exhaust the administrative remedies available through an IDEA
21  due-process hearing before filing a civil action under state laws in state court." *Dowler v. Clover*
22  *Park Sch. Dist. No. 400*, 258 P.3d 676, 683 (2011). The facts of *Dowler* are distinguishable from
23  this case. The students in *Dowler* were victims of physical, verbal, and psychological abuse—
24  conduct quite distinct from a violation of an ERP. *See id.* at 678. Moreover, the Plaintiffs in
25  *Dowler* voluntarily dismissed all claims related to a FAPE or the IDEA. *Id.* at 475–76.
26  Furthermore, later on appeal, the Washington Supreme Court made a distinction between state

law claims that seek relief based on discrimination and state claims that seek relief under IDEA, stating "we emphasize that Appellants' IDEA related claims have been dismissed with prejudice... If Appellants prevail on the merits of any of their claims, the court may award only relief that is appropriate for such claims and not relief authorized by the IDEA." *Id.* at *486*; *see also Payne v. Peninsula Sch. Dist.,* 653 F.3d 863, 875 (9th Cir. 2011) ("[n]on–IDEA claims that do not seek relief available under the IDEA are not subject to the exhaustion requirement, even if they allege injuries that could conceivably have been redressed by the IDEA.")

Consistent with *Dowler*, here, Plaintiffs' state law claims relate to a violation of Ms. Pope's ERP and IDEA, and are subject to exhaustion. However, Plaintiffs' state law claims which relate to Ms. Pope's mental anguish and at-home behavioral outbursts and injuries do not relate to IDEA and are not subject to exhaustion.

The conclusions in the R&R find the same and, accordingly, the Court FINDS Judge Vaughan did not err in finding that state claims brought under IDEA should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS as follows:

1. Plaintiffs' objections to the R&R (Dkt. No. 112) are OVERRULED;
2. The Court APPROVES and ADOPTS the R&R (Dkt. No. 101);
3. Defendants' motion for summary judgement (Dkt. No. 76) is GRANTED in part;
4. Plaintiffs' federal claims are dismissed without prejudice and Plaintiffs' state claims relating to the IDEA are dismissed without prejudice; and
5. The Clerk is DIRECTED to send copies of this order to Judge Vaughan.

DATED this 12th day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE