UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN E. POPE, et al.,

    Plaintiffs,

v.

SPOKANE SCHOOL DISTRICT NO. 81, et al.,

    Defendants.

CASE NO. C21-1079-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

This removed civil lawsuit entails claims related to the education and care of Plaintiff Kathleen E. Pope, Plaintiff Richard L. Pope, Jr.'s developmentally disabled, now adult-aged daughter. *See* Dkt. 1-2. Plaintiffs named as Defendants Spokane School District No. 81, Spring Shoup, Deb Inglehart, Kelsey White, and Arnold Brown (collectively "Spokane Defendants"); Michael Henry; Mead School District No. 354 (MSD); Bellevue School District No. 405 (BSD); Washington State's Department of Social and Health Services and Department of Children, Youth and Families (collectively "State Defendants"); Xcel Supported Living, Inc. and Excel

1 | Supported Living Inc. (collectively "Excel"). Plaintiffs asserted federal claims, including
2 | violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of
3 | the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Constitution under 42 U.S.C. § 1983,
4 | and state law claims for negligence, outrage, loss of consortium, and violations of the
5 | Washington Constitution and Washington's Law Against Discrimination (WLAD), RCW 49.60.

The following motions are now pending in this matter: (1) Plaintiffs' Motion to Remand all Remaining State Law Claims Against BSD to State Court, Dkt. 124; (2) BSD's Motion to Dismiss, Dkt. 136; (3) State Defendants' Joint Motion to Dismiss, Dkt. 143; and (4) Plaintiffs' Motion to Dismiss Certain Claims and Remand State Law Claims of Richard Pope, Dkt. 151.[1] The Court, for the reasons discussed below, recommends DENYING State Defendants' Joint Motion to Dismiss, Dkt. 143, and GRANTING Plaintiff's Motion to Dismiss Certain Claims and Remand State Law Claims of Richard Pope, Dkt. 151. In so doing, the Court should DISMISS Ms. Pope's claims without prejudice, DISMISS Mr. Pope's federal claims and all claims against the individual named Defendants with prejudice, and decline to exercise supplemental jurisdiction over and REMAND to King County Superior Court Mr. Pope's state law claims against the remaining Defendants. The Court should further STRIKE as moot both Plaintiffs' Motion to Remand all Remaining State Law Claims Against BSD to State Court, Dkt. 124, and BSD's Motion to Dismiss, Dkt. 136.

BACKGROUND

Ms. Pope is a developmentally disabled, non-verbal adult and resides in a group home for developmentally disabled individuals in Washington. *See* Dkt. 1-1, ¶¶9, 55; Dkt. 84, ¶61. Mr.

---

[1] The Court addresses below the responses to these motions and associated motions to strike. The Court also herein STRIKES the noting date improperly attached to a filing reflecting Spokane Defendants' joinder in BSD's Motion to Dismiss. Dkt. 141.

Pope, as an attorney representing both himself and his daughter, initiated this lawsuit in King County Superior Court with service of unfiled summons and complaints in June and July 2021. Dkts. 8-11. In August 2021, Spokane Defendants removed the action under 28 U.S.C. § 1441(a) as a civil proceeding over which this Court has original jurisdiction. Dkt. 1. In December 2021, the Court denied Plaintiff's motion to remand. *See* Dkts. 32, 56 & 63.

The activity in this case has been almost entirely limited to consideration of Plaintiffs' claims against BSD. Specifically, BSD sought dismissal of Plaintiffs' claims on summary judgment, the Court deferred consideration of those claims on the merits upon Plaintiffs' request for additional time to conduct discovery, and, on December 12, 2022, the Court granted BSD summary judgment on exhaustion and dismissed without prejudice Plaintiffs' federal claims and their state law claims relating to the Individuals with Disabilities Education Act (IDEA). *See* Dkts. 75, 78, 95, 101 & 117. While awaiting the Court's Order on exhaustion, BSD moved to extend the trial date and pretrial deadlines, followed by a stipulation of all parties for a twelve-month extension of those dates. *See* Dkts. 66, 102, & 106. The Court granted the stipulation, Dkt.108, and renoted for consideration on January 13, 2023 BSD's motion as it pertained to the merits of Plaintiffs' remaining claims, Dkt. 118.

On December 29, 2022, Plaintiffs requested an at least three-month extension of the noting date for BSD's motion in order to secure a guardian ad litem (GAL) for Ms. Pope, seek out independent legal representation for both Plaintiffs, and allow more time for discovery. Dkt. 119. As explained by Mr. Pope, Ms. Pope lacks competency and does not have a guardian appointed under RCW 11.130, the state law governing uniform guardianship, conservatorship, and other protective arrangements. *Id*. He asserted there were serious issues as to whether Ms. Pope must be represented by a GAL in order for any litigation to be binding on her, conflict of

interest issues posed by his dual role as Ms. Pope's legal representative and a fact witness, and his belief that his continued representation would not serve Ms. Pope's best interests because he was suffering ongoing effects of trauma caused by events underlying this lawsuit, as well as a general decline in his health. *Id*. The Court granted this unopposed request for an extension and renoted BSD's motion for consideration on April 14, 2023. Dkt. 123.

In March 2023, Plaintiffs filed a motion to remand, Dkt. 124, and a motion requesting an additional extension of the noting date for BSD's pending dispositive motion, Dkt. 125. In the former, Plaintiffs asked that the Court remand their remaining claims against BSD by declining supplemental jurisdiction over those claims and allowing for their adjudication in a new lawsuit filed in King County Superior Court pursuant to 28 U.S.C. § 1367(d) in order to preserve the original statute of limitations.[2] Dkt. 124. In the latter, Plaintiffs asked the Court to again delay consideration of BSD's motion until it ruled on their motion to remand. Dkt. 125. Finding it necessary to delay consideration of both motions pending a determination on the issues raised with respect to Plaintiffs' representation, the Court, by Order dated April 5, 2023, struck BSD's summary judgment motion without prejudice to later refiling and struck the noting date for the motion to remand. Dkt. 128. The Court set deadlines for Plaintiffs to show cause why a GAL for Ms. Pope should not be appointed and for BSD to respond to Plaintiffs' filing. *Id*.

On April 24, 2023, Plaintiffs timely responded to the Court's Order by agreeing to the need for a GAL appointment under Federal Rule of Civil Procedure 17(c)(2), and asserting that Ms. Pope did not have "any of the kinds of general representatives" specified in that rule. Dkt.

---

[2] Under 28 U.S.C. § 1367(d), the period of limitations for a claim over which a district court has supplemental jurisdiction, and "any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of [such a] claim . . . , shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

REPORT AND RECOMMENDATION - 4

129. Neither BSD, nor any other Defendant submitted a response. In a status conference held on May 30, 2023, Mr. Pope conceded he had not "tried nearly hard enough" to identify new counsel and stated his depression was affecting his abilities. Dkt. 132. When asked whether the Court should dismiss this case without prejudice for failure to prosecute, Mr. Pope stated that, while not at issue for Ms. Pope given her age and incompetency, dismissal of his own claims presented a statute of limitations issue because the events occurred in 2018 and 2019. He asked that the Court instead set a firm deadline for either the identification of counsel or a detailed explanation of his efforts to obtain counsel, and stated he would make very serious efforts to identify counsel. The Court accepted this proposal and ordered that Mr. Pope, on or before June 20, 2023, provide either a notice of appearance for new counsel or a detailed status report on efforts to obtain counsel. *Id*.

In a timely filed status report, Mr. Pope described his unsuccessful efforts to identify counsel and noted his resumption of mental health counseling. Dkt. 135. He requested more time and, if not allowed, asked that Ms. Pope's claims be dismissed without prejudice. He stated that, while he would be capable of continuing to represent himself, he no longer sought to pursue any federal claims against BSD and sought remand of his state law claims. *Id*.

The parties then filed and briefed the dispositive motions now under consideration, beginning with BSD's Motion to Dismiss. Dkt. 136. BSD's motion requests dismissal of Mr. Pope's federal claims with prejudice and dismissal of all remaining claims without prejudice. *Id*. In responsive briefing, Plaintiffs agree to the dismissal of Ms. Pope's claims without prejudice, oppose the dismissal of Mr. Pope's claims, and argue Mr. Pope's claims should be remanded to King County Superior Court. Dkts. 139 & 149. Spokane Defendants, Xcel, Michael Henry, and Mead filed joinders in BSD's Motion to Dismiss. Dkts. 141-42, 144-45.
REPORT AND RECOMMENDATION - 5

Next, State Defendants filed their Joint Motion to Dismiss and Joinder in BSD's Motion to Dismiss. Dkt. 143. They seek dismissal of all of Plaintiffs' claims with prejudice for failure to prosecute or comply with this Court's Orders. *Id*. Plaintiffs filed an opposition brief, Dkt. 150, while Xcel joined in State Defendants' motion, Dkt. 153.

Finally, Plaintiffs filed their Motion to Dismiss Certain Claims and Remand State Law Claims of Richard Pope. Dkt. 151. Plaintiffs request dismissal of all of Ms. Pope's claims without prejudice and dismissal of all of Mr. Pope's federal claims as part of a remand of his state law claims. *Id*. State Defendants, Spokane Defendants, and Michael Henry timely opposed Plaintiffs' motion, Dkts. 156-57, 159, while MSD and BSD submitted their non-opposition, Dkt. 158. Plaintiffs, in their reply, added a request to dismiss with prejudice all of Mr. Pope's claims against individual defendants Michael Henry, Spring Shoupe, Deb Inglehart, Kelsey White, and Arnold Brown. Dkt. 162.

## DISCUSSION

Plaintiffs' earlier-filed motion seeking remand addressed only their state law claims against BSD, Dkt. 124, and is superseded by their later-filed motion seeking dismissal of all of Ms. Pope's claims, dismissal of all of Mr. Pope's federal claims and all of his claims against the individual Defendants, and remand of Mr. Pope's state law claims against the remaining Defendants, Dkts. 151. Accordingly, Plaintiffs' Motion to Remand all Remaining State Law Claims Against BSD to State Court, Dkt. 124, is now moot. Also, because it does not oppose the broader relief sought in Plaintiffs' motion seeking partial dismissal and remand, BSD's earlier-

filed Motion to Dismiss, Dkt. 136, is likewise moot.[3] The Court therefore addresses below only the two pending motions remaining in dispute.

A. State Defendants' Joint Motion to Dismiss

In their Joint Motion to Dismiss, State Defendants seek to dismiss Plaintiffs' claims with prejudice pursuant to Rule 41(b). Dkt. 143. The Court, for the reasons discussed below, does not find Defendants entitled to the relief requested.[4]

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). To avoid dismissal, a plaintiff must prosecute a case with "'reasonable diligence[.]'" *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). However, dismissal is a harsh penalty, imposed only in extreme circumstances. *Malone v. United States Postal Service*, 833

---

[3] Plaintiffs' related Motion to Strike Joinder by Various Other Defendants re BSD Motion, Dkt. 148, and Motion to Strike BSD's reply brief, Dkt. 149, are similarly now moot and therefore STRICKEN. The Court also notes that, as argued by Plaintiffs, the "Joinder Replies", Dkts. 141-42, 144-45, would not have been properly considered to the extent they contain substantive argument and were submitted on or the day prior to the noting date for BSD's motion and therefore deprived Plaintiffs of the opportunity to timely respond.

[4] Plaintiffs move to strike arguments made in State Defendants' reply and the reply submitted by Excel. Dkts. 154-55. The arguments at issue in State Defendants' reply, *see* Dkt. 152, were properly raised in response to arguments presented by Plaintiffs in their opposition brief, *see* Dkt. 150. The Court thus DENIES Plaintiffs' corresponding motion to strike. Dkt. 154. However, Excel's filing contains substantive arguments submitted after the noting date for State Defendants' motion, *see* Dkt. 153, not allowing for a timely response from Plaintiffs. The Court thus GRANTS the Motion to Strike [Excel's] Reply re [State Defendants'] Motion to Dismiss, Dkt. 155, and declines to consider the arguments contained in Excel's filing.

F.2d 128, 130 (9th Cir. 1987). Also, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

When considering dismissal under Rule 41(b), the Court weighs the following factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-66 (9th Cir. 1992) (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)). *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit "'may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.'" *Dreith v. Nu Image, Inc.*, 648 F.3d 779 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

As State Defendants observe, the proceedings in this case came to a halt with Plaintiffs' December 2022 request for a continuance in order to retain counsel and a GAL appointment. Some eight months later, neither of those objectives have been satisfied, despite additional continuances granted and a Court Order setting a firm deadline. State Defendants argue that, under these circumstances, all of the relevant factors weigh in favor of dismissal, including, but not limited to, the prejudice resulting from continuing delays in an action now pending for two years. *See* Dkts. 143 & 152. They argue dismissal with prejudice is warranted due to the violation of Court deadlines and warnings without reasonable excuse.

State Defendants also respond to arguments raised by Plaintiffs in opposition to the motion. They contend, for example, that Rule 17(c)(2) does not require the appointment of a GAL in this case or preclude the Court from adjudicating Ms. Pope's claims absent a showing that Mr. Pope is not a proper person to appear on her behalf. *See* Dkts. 150 & 152. *See also*

1   Fed. R. Civ. P. 17(c)(1) (allowing the following representatives to "sue or defend on behalf of a
2   minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or
3   (D) a like fiduciary.") and (2) (providing that: "A minor or an incompetent person who does not
4   have a duly appointed representative may sue by a next friend or by a [GAL]. The court must
5   appoint a [GAL] – or issue another appropriate order – to protect a minor or incompetent person
6   who is unrepresented in an action.")

7   The Court declines to make a determination in relation to Rule 17. State Defendants did
8   not take the opportunity to inform the Court of these arguments in response to the show cause
9   order issued in April 2023, at the status conference held the following month, or even in their
10  Joint Motion to Dismiss. *See* Dkts. 128, 132 & 143.[5] Moreover, even if Mr. Pope is an
11  authorized representative under Rule 17, other barriers to his representation of Ms. Pope remain
12  at issue, including both potential conflicts of interest and issues with Mr. Pope's mental health.
13  Considering Ms. Pope's undisputed incompetency, outstanding questions as to her representation
14  under Rule 17, and other barriers to her representation by Mr. Pope, Ms. Pope's claims should
15  not be dismissed with prejudice pursuant to Rule 41(b).

16  The Court also, with consideration of all relevant factors, reaches the same conclusion in
17  relation to the claims of Mr. Pope.[6]

18          1.      Public's Interest in Expeditious Resolution of Litigation:

19  The first factor pertinent to the Rule 41(b) inquiry weighs in favor of dismissing Mr.
20  Pope's claims. Indeed, "[t]he public's interest in expeditious resolution of litigation always

---

[5] The show cause order only specifically directed a response from BSD and issues associated with a GAL appointment were not raised at the status conference. Dkts. 128 & 132. Nonetheless, State Defendants could have earlier taken the opportunity to bring arguments to the Court's attention.

[6] The Court's assessment of these factors also applies with equal measure to Ms. Pope's claims.

favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish*, 191 F.3d at 990).

### 2. Court's Need to Manage its Docket:

With respect to the second factor, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]" *Id.* In this case, Mr. Pope's repeated requests for extensions and continuances and his admitted failure to act expediently to secure other counsel interfered with the progress of this matter and consumed time that could have been devoted to other cases on the Court's docket. *See id*. The second factor therefore also provides support for dismissal under Rule 41(b). However, considering the circumstances described below, that support is limited.

### 3. Risk of Prejudice to Defendants:

When evaluating the third factor, courts "consider prejudice and delay together to determine whether there has been *sufficient* delay or prejudice to justify a dismissal[.]" *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (cleaned up and quoted source omitted; emphasis in original). Prejudice is presumed where there is unreasonable delay, but that presumption can be rebutted through evidence showing the reason for the delay was not frivolous. *Id*. at 1452-53. *See also Pagtalunan*, 291 F.3d at 642 (courts "relate[ ] the risk of prejudice to the plaintiff's reason for defaulting.") Where rebutted, the burden shifts to the defendant to show "'at least some actual prejudice.'" *In re Eisen*, 31 F.3d at 1453 (quoted source omitted). With a showing of actual prejudice, the plaintiff must "'persuade the court that the claims of prejudice are illusory or relatively insignificant when compared to the force of his excuse.'" *Id*. "Whether the prejudice is significant will depend on 'whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.'" *Id*.

1    Eight months have passed since Plaintiffs' initial request for a continuance to obtain a
2    GAL and new counsel. *See* Dkts. 119, 125, 132 & 135. In seeking dismissal for a failure to
3    prosecute, State Defendants argue they have been prejudiced through the inability to conduct
4    further discovery, motions practice, or otherwise advance this action towards an eventual
5    resolution during the delay. They deem Plaintiffs' proffered excuse unconvincing, in large part
6    duplicative of the allegations in their complaint, and concerning events occurring long ago and
7    not explaining the long delay.

8    In opposing the motion, Mr. Pope reiterates his assertions as to Ms. Pope's incompetence
9    and need for a GAL, while denying a failure to prosecute and asserting his competence to
10   prosecute his own claims independent of those of his daughter.[7] He describes his full
11   engagement in and compliance with discovery, motions practice, and Court Orders, and contrasts
12   the minimal activity of State Defendants, who have yet to conduct any formal discovery and
13   have limited their defense in this matter to the motions currently under consideration. He notes
14   that the Court, without opposition from any Defendant, proposed dismissal without prejudice as
15   a remedy for the delay caused by the absence of a GAL and new counsel, asserts that he relied on
16   that proposal, and notes that other Defendants seek only dismissal without prejudice.

17   State Defendants, in reply, read Plaintiffs' opposition as admitting calculated
18   noncompliance with the Court's Order regarding counsel. *See* Dkt. 152 at 4-5 (citing Dkt. 150 at
19   10 ("Had the harsher – and legally unavailable – remedy of dismissal with prejudice been
20   proposed by the Court – then likely a different effort on behalf of Kathleen Pope would have

---

[7] The parties raise arguments in relation to Mr. Pope's claim for loss of consortium. The Court does not find it necessary to address those arguments other than to observe their apparent agreement that, pursuant to *Conradt v. Four Star Promotions, Inc.*, 45 Wn. App. 847, 852-53, 728 P.2d 617 (1986), a stand-alone loss of consortium claim brought by Mr. Pope would require that he prove a tort was committed against Ms. Pope. *See* Dkt. 143 at 2 & Dkt. 150 at 11-13.

1  been pursued, with extreme importance and expense taken to ensure these for Ms. Pope, to avoid
2  the harsh (and unfair) result of dismissing her claims forever with prejudice.  Instead there was
3  understandable reliance on dismissal without prejudice as the intended remedy."))  They also
4  contend that Plaintiffs offer no excuse to rebut the presumption of prejudice caused by their
5  unreasonable delay.

6        The Court, while acknowledging the significant delay, finds both the circumstances
7  underlying the delay and the history of this matter to minimize prejudice to Defendants.  The
8  evidence before the Court shows non-frivolous reasons for the delay.  At the outset of the delay,
9  Mr. Pope identified concerns with the adequacy of his representation, pointing, in part, to
10 ongoing issues with his mental and physical health.  *See* Dkt. 119.  He timely responded to the
11 Court's subsequent Order to Show Cause, Dkts. 128-29, explained at a status conference that he
12 had not adequately engaged in the pursuit of new counsel due to his depression, Dkt. 132, and
13 complied with the Court's Order with a timely, detailed status report describing his unsuccessful
14 efforts to identify new counsel, as well as his resumption of mental health counseling, Dkt. 135.
15 These circumstances remain pertinent despite the fact Mr. Pope now asserts his competence to
16 pursue claims on his own behalf.  The Court is further not persuaded Mr. Pope intentionally and
17 willfully disobeyed its Order regarding counsel, and instead construes his arguments as showing
18 he reasonably understood that, upon his failure to identify new counsel, Ms. Pope's claims would
19 be dismissed without prejudice.  *See* Dkt. 150 at 10.

20       Nor do State Defendants demonstrate actual prejudice.  They concede they have not
21 undertaken any formal discovery in the two years this action has been pending and do not dispute
22 that their litigation activity only began, in substantive part, with the current motion.  While the
23 eight-month delay in these proceedings necessarily caused some degree of prejudice to all
24

REPORT AND RECOMMENDATION - 12

1  Defendants, that delay, standing alone, does not warrant dismissal.  *See Pagtalunan*, 291 F.3d at
2  642-43 (the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant
3  dismissal.")  It further does not weigh significantly in favor of dismissal of all of Mr. Pope's
4  claims with prejudice when considered in conjunction with the reasons for the delay and, as
5  discussed further below, his agreement to voluntarily dismiss his federal claims and all claims
6  against the individual Defendants.  The Court concludes that, on balance, the risk of prejudice to
7  Defendants does not weigh in favor of dismissal with prejudice under Rule 41(b).

8         4.      <u>Public Policy Favoring Disposition on the Merits</u>:

9        It is well established that "[p]ublic policy favoring disposition of cases on their merits
10 strongly counsels against dismissal."  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460
11 F.3d 1217, 1228 (9th Cir. 2006).  *See also Dreith*, 648 F.3d at 788 ("The fourth factor, resolution
12 of cases on their merits, always weighs against dismissal.")  Dismissal of Mr. Pope's claims with
13 prejudice would preclude a disposition on the merits.  Accordingly, the fourth factor weighs
14 strongly against dismissal with prejudice pursuant to Rule 41(b).

15        5.      <u>Availability of Less Drastic Alternatives</u>:

16       "The district court abuses its discretion if it imposes a sanction of dismissal without first
17 considering the impact of the sanction and the adequacy of less drastic sanctions."  *In re PPA*
18 *Prod. Liab. Litig.*, 460 F.3d at 1227-28 (internal quotation marks and quoted sources omitted).
19 Here, a dismissal with prejudice would deprive Mr. Pope of the opportunity to pursue any of his
20 claims, including state law claims that would be barred by applicable statutes of limitations.  The
21 Court previously proposed dismissal without prejudice and, as discussed further below, Mr. Pope
22 now seeks to voluntarily dismiss all of his federal claims and all of his claims against the
23 individual Defendants, as well as an order from the Court declining supplemental jurisdiction
24

over his state law claims so that he may preserve his statutes of limitations and litigate those claims on the merits in state court. The availability of this adequate and less drastic sanction weighs strongly against a dismissal with prejudice pursuant to Rule 41(b).

There is, in sum, only limited support for a Rule 41(b) dismissal of Mr. Pope's claims with prejudice and several factors weighing against that result. The Court should, accordingly, reject the State Defendants' Joint Motion to Dismiss.

B.    <u>Plaintiffs' Motion to Dismiss Certain Claims and Remand State Law Claims</u>

Plaintiffs move for partial dismissal and remand. Dkt. 151. Specifically, they ask the Court to dismiss Ms. Pope's claims without prejudice given her incompetency and lack of a GAL and independent counsel, and to decline supplemental jurisdiction over and remand Mr. Pope's state law claims, subject to his voluntary dismissal of his federal claims as part of that remand. Plaintiffs also, in their reply, request dismissal with prejudice of all of Mr. Pope's claims against the individual Defendants. Dkt. 162. BSD and MSD do not oppose Plaintiffs' motion, Dkt. 158, Excel did not respond, and State Defendants, Spokane Defendants, and Michael Henry filed responses opposing Plaintiffs' motion, Dkts. 156-157 & 159.

1.    <u>Ms. Pope's Claims</u>:

The Court finds Ms. Pope's claims properly dismissed without prejudice. This result will protect Ms. Pope's interests by allowing her the opportunity to pursue her claims with a GAL and independent counsel, and poses no risk of prejudice based on a statute of limitations due to her incompetency and the fact that less than three years have passed since her eighteenth birthday. *See* RCW 4.16.190(1). To the extent any Defendant disputes Ms. Pope's need for a GAL, that issue may be resolved at a later date in state court.

/ / /

2. <u>Mr. Pope's Claims</u>:

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court may, as in this case, exercise original jurisdiction over cases involving a question of federal law. 28 U.S.C. § 1331. A federal court may also exercise supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). A federal court may further decline to exercise supplemental jurisdiction if (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all of the claims over which it has original jurisdiction; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

The decision to decline supplemental jurisdiction over pendent state law claims lies within the district court's discretion. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended*, (Oct. 1, 1997). In making the decision, the Court should consider the factors of judicial economy, convenience, fairness, and comity. *Acri*, 114 F.3d at 1001. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000).

State Defendants argue there is no basis for declining supplemental jurisdiction. They assert, in relevant part, that 28 U.S.C. § 1367(c)(3) does not apply because Plaintiffs' request for remand presumes dismissal of all pending federal claims, which has not yet occurred. However, because Mr. Pope seeks to voluntarily dismiss all of his federal claims, the Court may decline supplemental jurisdiction over his state law claims pursuant to § 1367(c)(3). *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 (9th Cir. 2011) (observing that "a litigant may abandon a claim by communicating his desire to do so to the district court" and that a "plaintiff may voluntarily abandon a claim even though his decision may affect the jurisdiction of a federal court"). The Court further finds that considerations of judicial economy, convenience, fairness and comity weigh in favor of allowing the state court to resolve Mr. Pope's remaining claims.

        a.    <u>Judicial Economy</u>:

This matter has been pending for two years and remand will likely result in further delay. However, with the exception of BSD – which does not oppose Plaintiffs' motion – there has been minimal litigation activity in this Court, and some nine months still remain before trial. Dkt. 108 (continuing trial date to June 3, 2024). The Court has yet to perform any substantive analysis of state law claims and, to the extent conducted, existing discovery will be equally useful in state court proceedings. For these reasons, judicial economy favors remand. *See, e.g., Bainbridge Taxpayers Unite v. City of Bainbridge Island*, No. C22-5491-TL, 2023 WL 3075638, at *5 (W.D. Wash. Apr. 25, 2023) ("retaining the case would not save *judicial* resources, as the Court has yet to examine the Parties' state law claims") (emphasis in original); *Russ v. HNN Assocs. LLC*, No. C20-1128-RSM-TLF, 2022 WL 17406338, at *2 (W.D. Wash. Nov. 14, 2022) (while the parties had already conducted discovery and filed dispositive motions, judicial economy weighed in favor of remand "because the discovery and motions would be equally

useful to the resolution of this action in King County Superior Court under Washington law."), *report and recommendation adopted*, 2022 WL 17403444 (Dec. 2, 2022); *Miller v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (judicial economy weighed in favor of remand where the court "had not performed any substantive legal analysis that will need to be duplicated or re-done by the state court").

      b.    <u>Convenience</u>:

Because Mr. Pope seeks remand of this matter to the nearby King County Superior Court, there are no convenience-related obstacles to remand. *See, e.g.*, *Russ*, 2022 WL 17406338, at *2 (considering the absence of any "indication that the interest of convenience to the parties would be negatively impacted by remand because all counsel are located in Seattle.") In addition, because Mr. Pope has already initiated a state court matter containing state law claims against BSD, remand would ensure a single forum in which to litigate all of Mr. Pope's claims. The convenience factor therefore favors or at least does not weigh against remand.

      c.    <u>Fairness</u>:

Plaintiffs originally filed this action in state court, twice moved for remand, and there is no evidence they have engaged in bad faith tactics in order to return to state court. Moreover, in order to return to state court, Mr. Pope herein agrees to dismiss not only all of his federal claims, but also all of his claims against the individual Defendants. Considered as such, the fairness factor provides support for remand. *See, e.g., King v. Zak*, No. C16-0397-JLR, 2016 WL 1579234, at *5 (W.D. Wash. Apr. 20, 2016) (fairness considerations may include, *inter alia*, "whether 'the plaintiff has engaged in any manipulative tactics' in seeking remand," and "where the plaintiff originally filed the action") (citations omitted). *See also Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490-91 (9th Cir. 1995) (observing that "[f]iling federal claims in state court is

a legitimate tactical decision by the plaintiff" and finding "nothing manipulative" about a "straight-forward tactical decision" to voluntarily dismiss federal claims and move for remand after removal).

        d.    <u>Comity</u>:

The Supreme Court has counseled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, comity strongly favors remand by allowing for resolution of the merits of Mr. Pope's state law claims by a state court.

The Court, in sum, concludes that this matter falls among the "usual cases" in which a federal court, upon the dismissal of all federal claims, should decline to exercise supplemental jurisdiction over remaining state law claims. *Carnegie-Mellon*, 484 U.S. at 350 n.7. The Court should therefore grant Plaintiffs the relief requested.

CONCLUSION

The Court recommends: (1) State Defendants' Joint Motion to Dismiss, Dkt. 143, be DENIED; (2) Plaintiffs' Motion to Dismiss Certain Claims and Remand State Law Claims of Richard Pope, Dkt. 151, be GRANTED; (3) Plaintiffs' Motion to Remand all Remaining State Law Claims Against BSD to State Court, Dkt. 124, be STRICKEN as moot; and (4) BSD's Motion to Dismiss, Dkt. 136, be STRICKEN as moot. All of Ms. Pope's claims should be DISMISSED without prejudice. All of Mr. Pope's federal claims and all of his claims against Michael Henry, Spring Shoup, Deb Inglehart, Kelsey White, and Arnold Brown should be DISMISSED with prejudice. Finally, the Court should, pursuant to 28 U.S.C. § 1367(c), decline

supplemental jurisdiction over and REMAND to King County Superior Court Mr. Pope's state law claims against the remaining Defendants.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 29, 2023**.

Dated this 11th day of September, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge